■ Zalman Klein, Respondent, v Menachem Gutman et al., Defendants, and Abraham Singer et al., Appellants. [784 NYS2d 581]—

In a shareholder's derivative action, inter alia, to recover damages for breach of fiduciary duty and corporate waste, the defendants Abraham Singer and Central Equities Credit Corp. appeal from (1) an order of the Supreme Court, Kings County (Bonina, J.), dated August 27, 2002, which denied their "amended" motion to dismiss the complaint, and (2) an order of the same court dated November 26, 2002, which denied their third motion to dismiss the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff commenced this shareholder's derivative action on behalf of 185 Marcy Corp. seeking damages for, among other alleged wrongs, fraud and breach of fiduciary duty, and to impose a constructive trust on property which allegedly was fraudulently transferred from the corporation by its shareholders, including the defendant Abraham Singer. The property was transferred to an entity known as Central Equities Credit Corp. (hereinafter Central) of which Singer is an officer and director.

Singer and Central moved to dismiss the complaint for failure to state a cause of action and on the ground that a defense was

founded upon documentary evidence. In support of the motion, Singer and Central submitted letters from purported creditors of 185 Marcy Corp. agreeing to extinguish debts allegedly incurred by that corporation in exchange for payment by Central. The plaintiff opposed the motion.

Thereafter, Singer and Central moved by "amended" notice of motion for the same relief, adding as additional grounds the statute of limitations and laches. The plaintiff opposed the "amended" motion. The Supreme Court denied the "amended" motion in its entirety upon determining that it was academic because the prior motion requesting the same relief previously had been withdrawn.

Singer and Central then made a third motion to dismiss the complaint upon the same grounds as the second motion. Singer and Central informed the Supreme Court that although they previously advised the Supreme Court that they had withdrawn the first motion, the first motion had, in fact, never been withdrawn. Consequently, they contended that the Supreme Court should have entertained the first motion on the merits.

The Supreme Court denied this third motion in its entirety upon determining that it was academic because the first motion requesting the same relief previously had been withdrawn.

Singer and Central appeal from both orders. After the Supreme Court determined that the first motion to dismiss was withdrawn, it improperly refused to entertain the merits of the second motion. Indeed, once a preanswer motion is withdrawn, CPLR 3211 (e) contains no prohibition against the same party subsequently moving for the same relief.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the pleading is to be afforded a liberal construction (*see* CPLR 3026). The court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Upon conducting such a review of the complaint, we find that causes of action sounding in fraud and breach of fiduciary duty, and to impose a constructive trust have been adequately stated.

On a motion to dismiss based upon documentary evidence, dismissal is only warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314 [2002]; *Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300 [2001]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Teitler v Pollack & Sons*, 288 AD2d 302 [2001]).

Here, the documentary evidence submitted in support of the motion by Singer and Central consisted of letters from purported creditors of 185 Marcy Corp., wherein they agreed to extinguish debts allegedly incurred by that corporation in exchange for payment by Central. However, even assuming these documents were genuine, they failed to establish that 185 Marcy Corp. incurred these debts in the first instance. The plaintiff alleged that the corporation did not incur those debts. Consequently, Singer and Central failed to establish a defense to the asserted claims as a matter of law, and that branch of their motion which was to dismiss the complaint based upon documentary evidence should have been denied on the merits.

Moreover, contrary to Singer and Central's contentions, the plaintiff's claims were not barred by the statute of limitations or laches. Where the relief sought is equitable in nature, the six-year statute of limitations period of CPLR 213 (1) applies. Moreover, while suits alleging breach of fiduciary duty which seek only money damages have been viewed as alleging "injury to property" to which a three-year statute of limitations applies (CPLR 214 [4]; *see Kaufman v Cohen,* 307 AD2d 113, 118 [2003]), it has been held that where, as here, a cause of action alleging breach of fiduciary duty is based on allegations of actual fraud, it is subject to a six-year limitations period (*see Kaufman v Cohen, supra; Goldberg v Schuman,* 289 AD2d 8 [2001]; *Unibell Anesthesia v Guardian Life Ins. Co. of Am.,* 239 AD2d 248 [1997]). An exception to this rule is that "courts will not apply the fraud statute of limitations if the fraud allegation is only incidental to the claim asserted; otherwise, fraud would be used as a means to litigate stale claims" (*Kaufman v Cohen, supra* at 119, quoting *Powers Mercantile Corp. v Feinberg,* 109 AD2d 117, 120 [1985], *affd* 67 NY2d 981 [1986]). Thus, "where an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of Statute of Limitations, courts 'look for the reality, and the essence of the action and not its mere name' " (*Kaufman v Cohen, supra* at 120, quoting *Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264 [1937]).

Here, the earliest transaction giving rise to the instant action occurred in May 1997, and the action was commenced on December 4, 2001. The gravamen of the complaint sounds wholly in fraud, not conversion. Consequently, the applicable statute of limitations is six years, and the action was timely commenced.

The doctrine of laches is equally inapplicable. Laches applies where there has been a considerable delay resulting in a change

of position, intervention of equities, loss of evidence or other disadvantage (*see O'Dette v Guzzardi,* 204 AD2d 291 [1994]). Singer and Central were aware of the plaintiff's claims as early as November 1999 when the plaintiff sought to arbitrate this dispute. Singer and Central also failed to establish that they have been prejudiced or otherwise disadvantaged by the commencement of this action almost five years after the first transfer which gave rise to the plaintiff's claims. Consequently, laches does not bar this action.

Singer and Central's third motion to dismiss was properly denied by the Supreme Court not because the initial motion was withdrawn, but pursuant to the single-motion rule of CPLR 3211 (e). CPLR 3211 (e) permits only one preanswer motion and precludes successive motions (*see Held v Kaufman,* 91 NY2d 425 [1998]; *Miller v Schreyer,* 257 AD2d 358 [1999]). Here, the third motion to dismiss made by Singer and Central violated both the letter and the spirit of the single motion rule articulated by CPLR 3211 (e). Rather than as occurred in *Held v Kaufman (supra),* Singer and Central did not assert additional defenses in a reply affidavit to their second motion (*cf. Held v Kaufman, supra*), but rather moved again in the third motion to dismiss the complaint on the same grounds. The third motion was entirely separate and distinct from the second motion and requested the same relief. Consequently, the denial of the third motion was warranted.

Singer and Central's remaining contentions are without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.