■ CITY LINE RENT A CAR, INC., et al., Appellants, v ALFESS REALTY, LLC, Respondent. [823 NYS2d 214]—

In an action, inter alia, for declaratory and injunctive relief in connection with a commercial lease, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), entered August 22, 2005, as denied those branches of their motion which were to dismiss the defendant's first and second counterclaims pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

"Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). "[O]n a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the [pleading] and according the [nonmoving party] the benefits of all favorable inferences which may be drawn therefrom, the [proponent of the pleading] can succeed upon any reasonable view of the facts stated" (*Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]). The Supreme Court properly denied those branches of the plaintiffs' motion which were to dismiss the defendant's

first and second counterclaims pursuant to CPLR 3211 (a) (1) and (7) (*see Saxony Ice Co., Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp.*, 27 AD3d 445, 446 [2006]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687-688 [2006]). There are issues which are not conclusively resolved by the documentary evidence and the other evidentiary facts tendered by the plaintiffs, as to whether certain roofing work constituted necessary structural repairs for which the defendant was liable under the lease, and as to whether the attorney's fee incurred by the defendant in defending this action constitute "expenses incurred . . . in enforcing [the plaintiffs'] obligations under [the] lease." Accordingly, the first and second counterclaims state a cause of action. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.