■ GERALD M. WEISS, Appellant, v TD WATERHOUSE et al., Respondents. [847 NYS2d 94]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated March 31, 2006, which granted the defendants' motion pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

This action arises from the disclosure by TD Waterhouse Investor Services (hereinafter TD Waterhouse) of the plaintiff's brokerage account balance to the law firm representing the plaintiff's wife in their divorce proceedings in New Jersey. The disclosure revealed to the wife and her attorney that, in violation of various orders of the New Jersey court, the plaintiff had withdrawn hundreds of thousands of dollars from the account. It is undisputed that the plaintiff also failed to comply with

court orders directing him to supply the wife "on an ongoing basis [with] statements, monthly and/or quarterly," on all his accounts, including the TD Waterhouse accounts.

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the breach of fiduciary duty cause of action as time-barred, and the breach of contract cause of action based on the documentary evidence submitted in support of the motion.

"A cause of action for breach of fiduciary duty is governed by a six-year statute of limitations where the relief sought is equitable in nature (*see* CPLR 213 [1]), or by a three-year statute of limitations where the only relief sought is money damages" (*Wiesenthal v Wiesenthal* 40 AD3d 1078, 1079 [2007]; *see* CPLR 214 [4]; *Nathanson v Nathanson*, 20 AD3d 403, 404 [2005]; *Klein v Gutman*, 12 AD3d 417, 419 [2004]). Here, because the plaintiff seeks only money damages, the three-year statute of limitations applies. As it is undisputed that the action was commenced well beyond the three-year limit, the breach of fiduciary cause of action was time-barred.

"To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Pollack & Sons*, 288 AD2d 302, 302 [2001]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Klein v Gutman*, 12 AD3d 417, 418 [2004]). To satisfy the damages element of a cause of action for breach of contract, the pleadings must allege that the breach "directly and proximately caused" the plaintiff's injury (*Rose Lee Mfg. v Chemical Bank*, 186 AD2d 548, 551 [1992]; *see Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 600 [2002]).

In support of the motion to dismiss the breach of contract cause of action, the defendants submitted, inter alia, copies of various orders of the Superior Court of New Jersey, and an opinion of the Superior Court of New Jersey, Appellate Division. The orders and the opinion establish that, at the time the account information was divulged to the wife's attorney, the plaintiff had already been directed by the court "to supply the [wife] . . . on an ongoing basis, statements, monthly and/or quarterly, on all of [the plaintiff's bank and brokerage] accounts along with confirmation [of] all trade and transactions within those accounts . . . [including] . . . Waterhouse Securities accounts." This documentary evidence established, as a matter of

law, that the plaintiff's purported injuries as alleged in each cause of action were caused not by TD Waterhouse's disclosure of his account information, but by his own actions in violating the New Jersey court orders, or in not abiding by his prior agreements. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of contract pursuant to CPLR 3211 (a) (1).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Lifson, Covello and McCarthy, JJ., concur.