09-2987-cv
*Malmsteen v. Berdon, LLP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of March, two thousand ten.

PRESENT:
>JOHN M. WALKER, JR.,
>DEBRA ANN LIVINGSTON,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

YNGWIE MALMSTEEN,
>*Plaintiff-Appellee*,

-v.-                                        No. 09-2987-cv

BERDON, LLP and MICHAEL MITNICK,
>*Defendants-Appellants*,

JAMES LEWIS and JAMES LEWIS ENTERTAINMENT, INC.,
>*Defendants*.

_____

>James P. Cinque, Cinque & Cinque, P.C., New York, NY, *for* Plaintiff-Appellee.

>William J. Kelly (Thomas R. Manisero, Peter J. Larkin, *on the brief*), Wilson Elser Moskowitz Edelman & Dicker, New York, NY, *for* Defendants-Appellants.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Defendants-Appellants Berdon LLP and Michael Mitnick ("Defendants") appeal from a final judgment of the United States District Court for the Southern District of New York (Holwell, *J.*), entered January 20, 2009, awarding Plaintiff-Appellee Yngwie Malmsteen ("Plaintiff") $450,000 in damages for breach of fiduciary duty and breach of contract despite Defendants' motion for judgment as a matter of law or for a new trial. Defendants argue that the breach of fiduciary duty claim is time barred and that the award of damages is unsupported by the evidence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review *de novo* a district court's ruling on a motion pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law. *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009). A Rule 50 motion may be granted only if, "after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, [the district court] finds that there is insufficient evidence to support the verdict." *Fabri v. United Tech. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004). Moreover, such a motion must be brought before the case is submitted to the jury under Rule 50(a), "specify[ing] the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Fed. R. Civ. P. 50(a)(2). It may be renewed after an unfavorable verdict but limited only to the grounds specifically raised in the prior motion for judgment as a matter of law; new grounds may not be added post-trial. *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir. 2001). The forfeited issue may be reached if "to ignore it would result in manifest injustice" or if it is

a "purely legal error." *Fabri*, 387 F.3d at 119. We review a district court's denial of a Rule 59 new trial motion for abuse of discretion. Such a motion should not be granted "unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (quoting *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 623-24 (2d Cir. 2001)) (internal quotation marks omitted).

Before the district court the parties agreed that this diversity case is governed by New York law. A cause of action for breach of fiduciary duty has a six-year statute of limitations in New York if the sought relief is equitable and a three-year statute of limitations if money damages are sought. *Weiss v. T.D. Waterhouse*, 847 N.Y.S.2d 94, 95 (N.Y. App. Div. 2007). Generally, the claim accrues at the time of the breach. *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 166 n.3 (N.Y. App. Div. 2003). A breach of contract claim, in contrast, always has a statute of limitations of six years. N.Y. C.P.L.R. 213(2). However, New York law permits certain actions for damages to property or pecuniary interest to be brought under either a tort or contract theory, and hence applies the longer of the two statutes of limitations, as long as the "asserted liability 'ha[s] its genesis in the contractual relationship of the parties.'" *Baratta v. Kozlowski*, 464 N.Y.S. 2d 803, 807-08 (N.Y. App. Div. 1983) (quoting *Sears, Roebuck & Co v. Enco Assoc.*, 372 N.E.2d 555, 558 (N.Y. 1977)); *see also Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 335 (S.D.N.Y. 2000); *Rodriguez v. Central Parking Sys. of N.Y., Inc.*, 848 N.Y.S.2d 807, 808-09 (N.Y. App. Term. 2007); *Masterpiece Int'l Ltd. Inc. v. Elite Systematic Arts & Ace Crating Inc.*, No. 41512/07, 2008 WL 725526, at *3 (N.Y. Sup. Ct. Mar. 18, 2008).

3

Plaintiff filed his lawsuit on January 28, 2005, seeking only money damages. It is uncontested that no breach occurred after early 2000, when the business relationship between Plaintiff and Defendants was terminated. Defendants argue that a three-year statute of limitations should have been applied, barring relief in this case, because (i) the breach of fiduciary duty and breach of contract claims are really disguised malpractice claims; (ii) Plaintiff failed to prove breach of an express contract provision; (iii) the jury's award of zero damages on the breach of contract claim indicates that it was unsuccessful; and (iv) Florida's statute of limitations bars the action.

Defendants failed to raise their disguised malpractice argument in their Rule 50(a) motion, and this Court will therefore set aside the verdict only if we find manifest injustice or purely legal error will otherwise result. We do not so conclude. Defendants were engaged by Plaintiff both as accountants and as business managers, but they can be liable for malpractice only in their capacity as accountants. The limitations provision governing non-medical malpractice in New York, N.Y. C.P.L.R. 214(6), applies only to professionals, where "professional" is defined by qualities including "extensive formal learning and training, licensure and regulation indicating a qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violation of those standards. Additionally, a professional relationship is one of trust and confidence, carrying with it a duty to counsel and advise clients." *Chase Scientific Research, Inc. v. NIA Group, Inc.*, 749 N.E.2d 161, 166 (N.Y. 2001) (internal citations omitted). Accountants are commonly considered to fall within this definition. *See id.*

To be a business manager, on the other hand, one need not be licensed or trained in any particular way, nor are business managers regulated by a code of conduct or disciplinary system. A business manager, then, is not a professional and may not be sued in malpractice. The breaches alleged here arise from Defendants' failure to collect and monitor Plaintiff's income, a function of a business manager rather than an accountant. Therefore, Plaintiff's claims are not disguised malpractice claims. Rather, they are contract and tort causes of action and the standard statutes of limitation apply. *See Certain Underwriters at Lloyd's, London v. William M. Mercer, Inc.*, No. 604515/02, 2005 WL 841012, at *10-11 (N.Y. Sup. Ct. Apr. 12, 2005).

Defendants further argue that, because Plaintiff did not prove the breach of an express contractual provision, the statute of limitations for the breach of contract claim cannot be extended to cover the breach of fiduciary duty claim. There is no such requirement in this case. The liability must merely have its "genesis in a contractual relationship." The jury could reasonably have concluded that Defendants' liability here arose from a contractual relationship, given Plaintiff's testimony that Mitnick had agreed to ensure that Plaintiff's income was collected and properly accounted for, and an engagement letter noting that Defendants were being hired as "accountants and business managers with respect to all of [Plaintiff's] personal and financial activities." Although there is New York doctrine indicating that for a claim against a professional to sound in breach of contract, the professional must guarantee a particular result or make an express promise, such requirements do not apply when the defendant is not acting in a professional capacity and hence do not apply here. *See Clarke v. Mikail*, 657 N.Y.S.2d 940, 940 (N.Y. App. Div. 1997) ("A breach of contract claim in relation to the rendition

5

of medical or dental services by a physician or dentist will withstand a test of its legal sufficiency only when based upon an express special promise to effect a cure or accomplish some definite result."); *Senise v. Mackasek*, 642 N.Y.S.2d 241, 242 (N.Y. App. Div. 1996).

Defendants also claim that the breach of contract claim was "unsuccessful" because the jury awarded zero damages for that claim and that, therefore, it cannot support an extension of the statute of limitations for the breach of fiduciary duty claim. We agree with the district court that this is, at heart, a claim that the jury verdict is inconsistent and reject it for substantially the reasons stated by the court below. Finally, we decline to consider the contention that Florida law bars this action, which was not presented to the district court. Although this Court may consider forfeited arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding," *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (quoting *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (per curiam)) (internal quotation mark omitted), we see no reason to exercise that discretion here.

Defendants appeal the award of damages on the ground that there was insufficient evidence of loss presented to allow the jury to avoid impermissible speculation in arriving at an award. Because "[a]n action for breach of fiduciary duty is a prophylactic rule intended to remove all incentive to breach – not simply to compensate for damages in the event of breach," there need not be "but-for" causation between the breach and the asserted damages. *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 995-96 (2d Cir. 1983). The breach must merely be a substantial factor in causing the loss.

6

*Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537, 543 (2d Cir. 1994); *see also New York Pattern Jury Instructions – Civil* 3:59 (2008).  Moreover, it is sufficient for the plaintiff on a breach of fiduciary duty claim to provide the jury with "a sound basis for approximating with reasonable certainty" the loss as a result of the defendants' actions; "it need not prove the amount of loss with certainty."  *S&K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 852 (2d Cir. 1987).

Substantially for the reasons stated by the district court in its January 20, 2009, opinion, we conclude that the testimony of Plaintiff and expert witness Gary Cohen provided the jury with a sound basis for estimating the measure of damages.  Based on Lewis's testimony, Defendants argue that some of the money deposited into his account and retained by him, though admittedly from sources with whom Malmsteen had a business relationship, was attributable to clients other than Malmsteen.  The defense proffered no specifics as to which or how much income in the account was attributable to these other clients, however, nor was the jury required to find Lewis credible on that score.

We have carefully considered all of appellant's other arguments and found them to be moot or without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7