■ S.J.J.K. TENNIS, INC., Respondent, v CONFER BETHPAGE, LLC, Appellant, et al., Defendant. [916 NYS2d 790]—

In an action, inter alia, for injunctive relief and to recover damages for breach of contract, the defendant Confer Bethpage, LLC, appeals from so much of an order of the Supreme Court, Nassau County (Buccaria, J.), entered June 4, 2010, as denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). "On a motion to dismiss based upon documentary evidence, dismissal is only warranted

if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Klein v Gutman*, 12 AD3d 417, 418 [2004]; *see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Ballas v Virgin Media, Inc.*, 60 AD3d 712, 713 [2009]).

Applying these principles to the matter at bar, the Supreme Court properly determined that the complaint sufficiently stated causes of action for a permanent injunction and, inter alia, to recover damages for breach of contract and tortious interference with a contractual relationship (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Winchester Global Trust Co. Ltd. v Donovan*, 58 AD3d 833, 834 [2009]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Bernberg v Health Mgt. Sys.*, 303 AD2d 348, 349 [2003]). Moreover, the documentary evidence submitted by the defendant Confer Bethpage, LLC (hereinafter the defendant) failed to conclusively establish "a defense to the asserted claims as a matter of law" (*Klein v Gutman*, 12 AD3d at 418; *see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.