■ NICOLAS MARINELLI, Appellant, v GABRIEL & SCIACCA, CPA, LLP, Respondent. [941 NYS2d 527]—In an action to recover damages for negligence, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (K. Murphy, J.), entered August 9, 2010, which, upon an order of the same court dated June 30, 2010, in effect, granting those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a part owner of Trio Asbestos Removal Corp. (hereinafter Trio), commenced this action against an accounting firm retained by Trio to determine the value of the plaintiff's shares in Trio. The documentary evidence submitted by the defendant failed to conclusively establish a defense to the asserted claims as a matter of law. Thus, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint (*see* CPLR 3211 [a] [1]; *S.J.J.K. Tennis, Inc. v Confer Bethpage, LLC*, 81 AD3d 630 [2011]). However, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). The complaint failed to allege facts that would support a determination that the defendant owed the plaintiff a duty to exercise care in performing the valuation, or voluntarily assumed such a duty (*see Parvi v City of Kingston*, 41 NY2d 553, 559 [1977]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Belen, Lott and Miller, JJ., concur.