■ NORTH SHORE TOWERS APARTMENTS INCORPORATED, Appellant, v THREE TOWERS ASSOCIATES, Respondent. [961 NYS2d 504]—

In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered

December 19, 2011, as granted those branches of the defendant's motion which were to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a) are denied.

The complaint alleged that the defendant, Three Towers Associates (hereinafter the sponsor), was the sponsor of an offering plan to convert certain premises (hereinafter the subject premises) in Floral Park from rental property into cooperative ownership. The complaint further alleged that pursuant to the offering plan, the sponsor issued shares of the cooperative which were allocated and made appurtenant to the 1,844 residential apartments and 2,492 parking spaces of the subject premises. The complaint alleged that the offering plan was declared effective in 1986, and that the subject premises were conveyed to the plaintiff, North Shore Towers Apartments Incorporated (hereinafter the cooperative), a New York housing cooperative corporation.

The complaint alleged that the sponsor was the holder of unsold shares representing the apartments and parking spaces which were not purchased by tenants during the conversion to cooperative ownership. In addition, the complaint alleged that in March 2010, the sponsor sent a letter to the cooperative purporting to surrender cooperative shares representing 158 unsold parking spaces (hereinafter the unsold parking spaces). The cooperative asserted that the sponsor's purported surrender of the unsold parking spaces was in violation of, among other things, the offering plan and the proprietary leases which allegedly governed the rights and responsibilities of the cooperative and its shareholders. In this regard, the complaint alleged that each of the unsold parking spaces was appurtenant to a specific proprietary lease for an unsold apartment and that the sponsor could not validly surrender the unsold parking spaces without simultaneously surrendering the proprietary leases for the apartments which corresponded to those parking spaces.

The first cause of action asserted in the complaint sought a judgment declaring that the purported surrender of the unsold parking spaces was null and void. The complaint also asserted, inter alia, a cause of action for a mandatory injunction which would require the sponsor to proportionately assign the shares of the unsold parking spaces to the proprietary leases for the unsold apartments (the second cause of action), and a cause of action to recover an attorney's fee pursuant to the proprietary leases (the fourth cause of action).

The sponsor moved, among other things, to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a) (1), (5) and (7). The Supreme Court granted those branches of the sponsor's motion.

A motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955, 955-956 [2012]). Here, to the extent that the sponsor's submissions constituted "documentary evidence" within the meaning of CPLR 3211 (a) (1) (*see Norment v Interfaith Ctr. of N.Y.*, 98 AD3d at 955-956; *Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2010]; *Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2010]), they failed to utterly refute the cooperative's allegations (*see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849 [2012]). Accordingly, the Supreme Court should have denied those branches of the sponsor's motion which were to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a) (1).

The Supreme Court also should have denied those branches of the sponsor's motion which were to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a) (7). "On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]).

"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]; *see Rockland Light & Power Co. v City of New York*, 289 NY 45, 51 [1942]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011]).

Applying these principles here, we conclude that the allegations in the first cause of action presented a justiciable controversy sufficient to invoke the Supreme Court's power to render a declaratory judgment (*see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728-729 [2013];

*Village of Woodbury v Brach,* 99 AD3d 697, 700 [2012]; *State Farm Mut. Auto. Ins. Co. v Anikeyeva,* 89 AD3d 1009, 1011 [2011]; *see also St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325 [1967]; *Rockland Light & Power Co. v City of New York,* 289 NY 45, 51 [1942]). Furthermore, the cooperative sufficiently pleaded a cause of action for a mandatory injunction (*see Marinelli v Gabriel & Sciacca, CPA, LLP,* 94 AD3d 826 [2012]; *Yusin v Saddle Lakes Home Owners Assn., Inc.,* 73 AD3d 1168, 1171 [2010]; *Elow v Svenningsen,* 58 AD3d 674, 675 [2009]; *cf. Corsello v Verizon N.Y., Inc.,* 77 AD3d 344, 368 [2010], *mod on other grounds* 18 NY3d 777 [2010]), and to recover an attorney's fee pursuant to the proprietary leases (*see City Line Rent A Car, Inc. v Alfess Realty, LLC,* 33 AD3d 835, 835-836 [2006]; *see also Etzion v Etzion,* 62 AD3d 646, 652 [2009]).

Finally, to the extent that the Supreme Court granted those branches of the sponsor's motion which were to dismiss the first, second, and fourth causes of action pursuant to CPLR 3211 (a) (5) as barred by the statute of limitations or laches, such determination was error (*see generally Brach v Harmony Servs., Inc.,* 93 AD3d 748, 750 [2012]; *Fleetwood Agency, Inc. v Verde Elec. Corp.,* 85 AD3d 850, 850 [2011]). Mastro, J.P., Austin, Cohen and Miller, JJ., concur.