■ ROBERT AINBINDER et al., Appellants, v HERBERT M. JACOBI, Respondent, et al., Defendant. [702 NYS2d 348] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 19, 1999, which granted the motion of the respondent to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the appeal of Dierdre Steinhaus is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Robert Ainbinder, with costs.

For the continuous representation doctrine to apply to an action sounding in legal malpractice, "there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney" (*Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506). There is no

indication in the record that the respondent continued to represent the appellant Robert Ainbinder with regard to the same action from which the alleged malpractice arose within the three years preceding the commencement of the instant action (*see, Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge,* 95 AD2d 918, 919). Therefore, the Supreme Court properly dismissed the complaint insofar as asserted against the respondent as time-barred (*see,* CPLR 214 [6]). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.