■ ALBERT SAVARESE et al., Respondents, v PHILLIP SHATZ et al., Appellants, et al., Defendants. [708 NYS2d 642] —In an action to recover damages for legal malpractice, the defendants Phillip Shatz and McCabe & Mack appeal from an order of the Supreme Court, Dutchess County (LaCava, J.), dated August 25, 1999, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as untimely insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired (*see, Siegel v Wank,* 183 AD2d 158; *Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 823). Here, the appellants met their burden by demonstrating that the plaintiffs' claim accrued more than three years before the commencement of the instant action (*see,* CPLR 214 [6]). Thereafter, the burden shifted to the plaintiffs to " ' "aver evidentiary facts" ' establishing that the case falls within an exception to the Statute of Limitations" (*Assad v City of New York,* 238 AD2d 456, 457, quoting *Siegel v Wank, supra; Hoosac Val. Farmers Exch. v AG Assets, supra*). The Supreme Court erred in denying the appellants' motion, as the plaintiffs failed to establish the applicability of any exception to the Statute of Limitations (*see, e.g., Ainbinder v Jacobi,* 268 AD2d 494). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.