■ NICHOLAS J. GONZALEZ, Respondent, v MICHAEL ELLENBERG et al., Appellants, et al., Defendant. [752 NYS2d 302] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 29, 2001, which, to the extent appealed from as limited by the brief, denied the motion of attorney defendants

Michael Ellenberg, Suzanne Rapisarda, Karen Hutson and Ellenberg & Hutson, LLP seeking dismissal of the complaint as against them as time-barred, unanimously affirmed, without costs.

Plaintiff doctor's complaint, alleging legal malpractice against the attorney defendants, was timely, having been interposed within three years of defendants' withdrawal as plaintiff's defense counsel in the underlying medical malpractice action. Contrary to defendants' contention, the running of the statutory period was tolled during the attorney-client relationship by application of the continuous representation rule, since the representational relationship at issue was ongoing, continuous, developing and dependent until the medical malpractice trial court's decision of plaintiff doctor's post-trial motion to set aside the malpractice verdict against him and defendants' closely ensuing withdrawal as plaintiff's counsel (*see Glamm v Allen*, 57 NY2d 87; *Ainbinder v Jacobi*, 268 AD2d 494). The record does not support the attorney defendants' contention that plaintiff lacked trust and confidence in their ability to defend the medical malpractice action and thus that the continuous representation rule is not applicable to toll the running of the statute of limitations. Indeed, plaintiff doctor relied upon the attorney defendants to defend him at trial and to prepare and argue his posttrial motion seeking to set aside the medical malpractice verdict against him. While it is true that plaintiff doctor had retained other legal advisors to monitor the medical malpractice action, this was undertaken on the advice of the doctor's malpractice insurance carrier, which warned him that his personal assets were at risk given his limited coverage and the nature of the medical malpractice claims asserted against him. Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.