MICHAEL SWIFT, Appellant, v NEW YORK MEDICAL COLLEGE, Respondent. [808 NYS2d 731]—

In an action, inter alia, to recover damages for breach of an employment contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered February 16, 2005, as granted those branches of the defendant's motion which were to dismiss the fourth and eighth causes of action and denied those branches of his cross motion which were for leave to amend those causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were to dismiss the fourth and eighth causes of action are denied, and those branches of the plaintiff's cross motion which were for leave to amend those causes of action are granted.

As alleged in the complaint, the plaintiff was hired by the defendant in September 1992 as a professor and director of the defendant's Institute for the Genetic Analysis of Common Diseases. The plaintiff's employment was terminated effective December 31, 2001, and this action followed.

In his fourth cause of action, the plaintiff claims that certain

clinical funding in the amount of $8,333.33, owed to him for the months of May 1998 and June 1998, was never paid by the defendant. In the eighth cause of action, the plaintiff alleges that the defendant, in violation of the New York Medical College Intellectual Property Policy, dated October 1, 1998 (hereinafter the Policy), failed to waive, in favor of the plaintiff, its right to patent and commercialize certain intellectual property discovered by the plaintiff.

Before serving its answer, the defendant moved, inter alia, to dismiss the fourth cause of action as barred by the six-year statute of limitations (see CPLR 213 [1]; 3211 [a] [5]), and to dismiss the eighth cause of action for failure to state a claim (CPLR 3211 [a] [7]). The plaintiff opposed the motion and cross-moved, inter alia, for leave to amend those causes of action. The Supreme Court granted those branches of the motion and denied those branches of the cross motion. We reverse.

"To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired" (Savarese v Shatz, 273 AD2d 219, 220 [2000]). Only if such prima facie showing is made will the burden then shift to the plaintiff to "aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations" (id. at 220 [citations and internal quotation marks omitted]).

In order to make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued. Where, as here, the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the plaintiff "possesses a legal right to demand payment" (Matter of Prote Contr. Co. v Board of Educ. of City of N.Y., 198 AD2d 418, 420 [1993]).

The defendant contends that the fourth cause of action accrued on July 1, 1998. However, it offered no evidence, documentary or otherwise, to establish that the plaintiff had the legal right, on that date, to demand payment for the amount of clinical funding allegedly owed for the months of May 1998 and June 1998. Thus, the defendant failed to establish its prima facie entitlement to relief pursuant to CPLR 3211 (a) (5), and the fourth cause of action should not have been dismissed. Relatedly, that branch of the plaintiff's cross motion which was for leave to amend that cause of action should have been granted.

Moreover, on this record, the Supreme Court improperly dismissed the eighth cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept as true

the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). If the plaintiff can succeed upon any reasonable view of the facts alleged, the cause of action may not be dismissed (*see Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]).

We recognize that there is an unresolved issue in this case as to whether the eighth cause of action was properly brought by way of a plenary action (*see Maas v Cornell Univ.*, 94 NY2d 87 [1999]). The ultimate resolution of that issue, however, must await a properly developed record. With respect to this pre-answer motion to dismiss, the plaintiff proffered sufficient evidentiary facts to show that the Policy was expressly made a part of the terms of his employment and, to that extent, he articulated a cognizable breach of contract claim (*see Maas v Cornell Univ., supra* at 93). Accordingly, that branch of the defendant's motion which was to dismiss the eighth cause of action should have been denied, and that branch of the plaintiff's cross motion which was for leave to amend that cause of action should have been granted.

The defendant's remaining contentions are without merit. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.