■ James Cimino, Jr., Appellant, v Joseph J. Dembeck, Jr., et al., Respondents. [876 NYS2d 893]—In an action, inter alia, for specific performance of a joint venture agreement, the plaintiff appeals from an order of the Supreme Court, Orange County

(Alessandro, J.), entered April 11, 2008, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is denied.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is time-barred, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Swift v New York Med. Coll., 25 AD3d 686, 687 [2006]; Savarese v Shatz, 273 AD2d 219, 220 [2000]). "In order to make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued" (Swift v New York Med. Coll., 25 AD3d at 687). Moreover, in deciding a CPLR 3211 motion to dismiss, "a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (Sabadie v Burke, 47 AD3d 913, 914 [2008]).

Construing the facts as alleged in the complaint in the light most favorable to the plaintiff, the defendants failed to establish their prima facie entitlement to dismissal pursuant to CPLR 3211 (a) (5) (id.; see Swift v New York Med. Coll., 25 AD3d at 687). Accordingly, the Supreme Court erred in granting the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

The remaining contentions either are improperly raised for the first time on appeal, have been rendered academic by our determination, or are without merit. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.