JAMES COTTONE, Individually and on Behalf of SELECTIVE SURFACES, LLC, Appellant, v SELECTIVE SURFACES, INC., et al., Respondents. [892 NYS2d 466]—

The Supreme Court should not have dismissed the complaint

in its entirety pursuant to CPLR 3211 (a) (7) upon the ground that it was "conclusory and lacking in specificity to inform defendants of the basic facts upon which a dispute exists." The plaintiff's 30-page complaint describes the formation, terms, and alleged breach of the oral agreement upon which this dispute is centered, and is sufficiently particular to give the defendants notice "of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013). Moreover, the branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) only set forth particularized arguments as to why four of the 12 causes of action set forth in the complaint failed to state a cause of action. Therefore, the other eight causes of action should not have been dismissed for that reason.

With respect to the remaining causes of action, contrary to the defendants' contention, the fourth cause of seeking the imposition of a constructive trust, and the twelfth cause of action seeking an accounting, adequately allege facts demonstrating the existence of a fiduciary duty, which is a necessary element of these claims (*see Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]; *Watson v Pascal*, 65 AD3d 1333 [2009]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]). Accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference, as we must on a motion to dismiss pursuant to CPLR 3211 (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]), the plaintiff allegedly became a minority member and owner of the defendant Selective Surfaces, LLC (hereinafter the company) in February 2001 and was thus owed a fiduciary duty by the managing member (*see* Limited Liability Company Law § 409 [a]; *Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 578 [2008]; *Salm v Feldstein,* 20 AD3d 469, 470 [2005]; *Nathanson v Nathanson*, 20 AD3d 403, 404 [2005]).

Furthermore, the unsigned written agreement allegedly drafted by an attorney selected by the company's managing member does not conclusively prove that the plaintiff was not entitled to acquire an ownership interest in the company until the completion of five years of service as its production manager. The variance between the terms of the alleged oral agreement as set forth in the complaint, and the unsigned written agreement, create an issue of fact as to the terms of the oral agreement which cannot be resolved at this juncture. Accordingly, we reject the defendants' argument that the fifth and sixth causes of action, asserting, inter alia, individual and derivative claims

of waste, mismanagement, and self-dealing, must fail because these wrongful acts allegedly occurred before the plaintiff's right to acquire an ownership interest in the company matured. However, we agree that the portion of the sixth cause of action which purports to assert a derivative claim on behalf of the company to set aside a fraudulent conveyance of the company's own assets under Debtor and Creditor Law § 276 should be dismissed. Debtor and Creditor Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Here the company is the alleged transferor of assets, not a creditor, and thus a fraudulent conveyance claim may not be maintained on its behalf pursuant to Debtor and Creditor Law § 276.

As an alternative basis for affirmance of the order dismissing the complaint in its entirety (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]), the defendants contend that enforcement of the alleged oral agreement is barred by General Obligations Law § 5-701 (a) (1). This provision of the statute of frauds requires an agreement to be in writing and subscribed by the party to be charged if such agreement "[b]y its terms is not be performed within one year from the making thereof" (id.). However, General Obligations Law § 5-701 (a) (1) has long been interpreted "to encompass only those contracts which, by their terms, 'have absolutely no possibility in fact and law of full performance within one year' " (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998], quoting D & N Boening v Kirsch Beverages, 63 NY2d 449, 454 [1984]). Since the alleged oral agreement at issue is essentially an employment agreement without a fixed duration, it was capable of being performed within one year, and thus not barred by General Obligations Law § 5-701 (a) (1) (see Cron v Hargro Fabrics, 91 NY2d 362 [1998]; Weiner v McGraw-Hill, Inc., 57 NY2d 458, 463 [1982]; Hayden v P. Zarkadas, P.C., 18 AD3d 500 [2005]; Air Masters v Bob Mims Heating & A.C. Serv., 300 AD2d 513 [2002]; cf. Cunnison v Richardson Greenshields Sec., 107 AD2d 50 [1985]).

As a second alternative ground for affirmance, the defendants contend that the plaintiffs' claims are time-barred. On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) upon the ground that it is time-barred, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see 6D Farm Corp. v Carr, 63 AD3d 903, 905-906 [2009]; Cimino v Dembeck, 61 AD3d 802, 803 [2009]; Swift

*v New York Med. Coll.*, 25 AD3d 686 [2006]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]). In order to sustain this burden, the defendant must establish, inter alia, when the plaintiff's cause of action accrued (*see Cimino v Dembeck*, 61 AD3d at 803; *Swift v New York Med. Coll.*, 25 AD3d 686 [2006]). Construing the facts as alleged in the complaint in the light most favorable to the plaintiff, the defendants failed to establish, prima facie, that the claims governed by six-year limitations' periods accrued more than six years prior to the commencement of this action on April 1, 2008 (*see Cimino v Dembeck*, 61 AD3d 802, 803 [2009]; *Swift v New York Med. Coll.*, 25 AD3d 686 [2006]; *Zane v Minion*, 63 AD3d 1151 [2009]). Furthermore, although claims grounded on breach of fiduciary duty are governed by a three-year limitations' period when only damages are sought, six-year limitations' period applies when equitable relief is requested (*see Weiss v TD Waterhouse*, 45 AD3d 763, 764 [2007]; *Wiesenthal v Wiesenthal*, 40 AD3d 1078, 1079 [2007]; *Klein v Gutman*, 12 AD3d 417 [2004]; *Kaufman v Cohen*, 307 AD2d 113, 118 [2003]). Since all of the plaintiff's claims predicated upon the breach of a fiduciary duty seek some form of equitable relief, they are not time-barred. Skelos, J.P., Eng, Belen and Austin, JJ., concur.