# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1504**
**CA 10-01567**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, GREEN, AND GORSKI, JJ.

---

LILY LARKIN, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

ROCHESTER HOUSING AUTHORITY,
DEFENDANT-RESPONDENT.

---

LIPSITZ & PONTERIO, LLC, BUFFALO (JOHN NED LIPSITZ OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

ERNEST D. SANTORO, ESQ., P.C., ROCHESTER (ERNEST D. SANTORO OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 1,
2010. The order and judgment, granted defendant's motion for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously reversed on the law without costs, the motion is denied
and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for
injuries allegedly caused by her exposure as a child to lead paint in
an apartment owned by defendant, a municipal housing authority. Prior
to discovery, defendant moved pursuant to CPLR 3211 and 3212 to
dismiss the complaint on statute of limitations grounds, contending
that the action was time-barred under General Municipal Law § 50-i (1)
because it was not commenced within one year and 90 days of
plaintiff's 18th birthday, as tolled by CPLR 208 during the period of
plaintiff's infancy. We conclude that Supreme Court erred in granting
the motion. In support of its motion insofar as it was based on CPLR
3211 (a) (5), defendant had "the initial burden of establishing prima
facie that the time in which to sue has expired" (*Savarese v Shatz*,
273 AD2d 219, 220; *see Cimino v Dembeck*, 61 AD3d 802), and thus was
required to "establish, inter alia, when the plaintiff's cause of
action accrued" (*Swift v New York Med. Coll.*, 25 AD3d 686).
Similarly, insofar as defendant sought summary judgment based on
statute of limitations grounds, defendant was required to "make a
prima facie showing of entitlement to judgment as a matter of law,
tendering sufficient evidence to eliminate any material issues of fact
from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851,
853).

In support of its motion, defendant submitted only a copy of the summons and complaint, neither of which indicated when plaintiff discovered her alleged injuries or the date "when through the exercise of reasonable diligence the injury should have been discovered" (CPLR 214-c [3]).  Defendant thus failed to establish when plaintiff's cause of action accrued and, in the absence of such evidence, defendant was unable to make a prima facie showing that the applicable statute of limitations period had expired.  In view of the fact that defendant failed to meet its initial burden, the motion should have been denied "regardless of the sufficiency of the opposing papers" submitted by plaintiff (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  We reject defendant's contention that the court should have searched the record and considered the evidence submitted by plaintiff in opposition to the motion.  Although defendant is correct that a court has the authority to search the record and to grant relief to a nonmoving party pursuant to CPLR 3212 (b), defendant has provided no authority that allows a court to search the record and to grant relief to a moving party where, as here, the moving party has failed to meet its initial burden of proof.

In any event, even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised an issue of fact whether the action was commenced within the requisite one year and 90 days of "the date of discovery of the injury by the plaintiff or on the date when through the exercise of reasonable diligence the injury should have been discovered" (CPLR 214-c [3]).  Plaintiff asserted in an opposing affidavit that she did not discover that she had elevated levels of lead in her blood until May 2008, and that date falls within the statute of limitations period for commencing this action.  Finally, we note that "any inconsistency between the [General Municipal Law § 50-h hearing] testimony of [plaintiff] submitted in support of the motion and her affidavit presents a credibility issue to be resolved at trial" (*Palmer v Horton*, 66 AD3d 1433, 1434).

Entered:  February 10, 2011                      Patricia L. Morgan
                                                 Clerk of the Court