■ MICHAEL COLEMAN, Appellant, v RICHARD JOEL KORN, ESQ., Respondent. [939 NYS2d 370]

Plaintiff was required to commence this legal malpractice action within three years of defendant's withdrawal as his counsel, but failed to do so (*see* CPLR 214 [6]; *cf. Gonzalez v Ellenberg*, 300 AD2d 173, 174 [2002]). Plaintiff's fraud and Judiciary Law § 487 claims were raised for the first time in a surreply, which Supreme Court properly refused to consider (*see* CPLR 2214 [b], [c]; *Garced v Clinton Arms Assoc.*, 58 AD3d 506, 509 [2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL-MALIK MUHAMMAD, Appellant. [938 NYS2d 801]

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ.