Garry, J.
Cross appeals from an order of the Supreme Court (Reilly Jr., J.), entered January 30, 2012 in Schenectady County, which, among other things, partially denied defendant’s motion to, among other things, dismiss the complaint.
In 2003, plaintiff and defendant entered into a contract by which defendant agreed to construct a building extension and roof on plaintiffs commercial property in the Town of Guilder-land, Albany County. Construction began in 2003, the Town issued a certificate of occupancy in March 2004 and plaintiff made final payment to defendant several months thereafter. The contract provided that plaintiff would issue a certificate of substantial completion upon determining that the construction was “sufficiently complete in accordance with the Contract Documents so that [plaintiff could] occupy or utilize the Work for its intended use.” No such certificate was ever issued. Between 2003 and 2010, in response to persistent complaints from plaintiff and its tenants regarding roof leaks, defendant repeatedly performed work on the roof without compensation. In August 2010, defendant advised plaintiff that it would no longer do such work free of charge.
In April 2011, plaintiff commenced this action for breach of contract, breach of warranty and negligence. In lieu of an answer, defendant moved to dismiss the complaint as time-barred and to permanently stay arbitration or, in the alternative, to compel mediation and arbitration. Plaintiff opposed this motion and cross-moved for partial summary judgment as to defendant’s liability. Supreme Court denied defendant’s motion to dismiss and for a stay, granted its alternative request to compel mediation and arbitration and, in view of this determination, denied plaintiffs cross motion for partial summary judg *1183 ment as moot. Defendant appeals from that part of the court’s order that denied its motion to dismiss.*
In moving to dismiss the complaint pursuant to CPLR 3211 (a) (5), defendant bore the initial burden to establish, prima facie, that the action was time-barred (see Kennedy v H. Bruce Fischer,; Esq., P.C., 78 AD3d 1016, 1017 [2010]; Tsafatinos v Wilson Elser Moskowitz Edelman & Dicker, LLP, 75 AD3d 546, 546 [2010]; Siegel v Wank, 183 AD2d 158, 159 [1992]), and, to do so, was required to establish when plaintiffs causes of action accrued (see CPLR 203 [a]; Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [2011]). We agree with Supreme Court that this burden was not met. The contract provides that causes of action between the parties are deemed to accrue “1. not later than the date of [substantial [completion for acts or failures to act occurring prior to the relevant date of [substantial [completion; 2. not later than the date of issuance of the final [c]ertificate for [p] ay ment for acts or failures to act occurring subsequent to the relevant date of [substantial [completion and prior to the issuance of the final [c]ertificate for [p]ayment; and 3. not later than the date of the relevant act or failure to act by [defendant] for acts or failures to act occurring after the date of the final [cOrtificate for [p]ayment.”
Relying exclusively on the first of these contractual time periods, defendant contends that all of plaintiffs claims accrued when the roof began to leak in 2003, before the date of substantial completion—which, in defendant’s view, occurred in March 2004 upon the issuance of the certificate of occupancy. Defendant thus asserts that the action is time-barred as the complaint was filed more than seven years after this event. However, even assuming that defendant correctly identified the date of substantial completion, plaintiff’s complaint is not limited to acts and omissions occurring before March 2004. Instead, the complaint alleges that defendant “continued to perform work and/or make repairs” on numerous occasions between 2003 and August 2010 and, although the roof continued to leak, failed to do so thereafter. Defendant neither mentions these allegations nor offers any reason why the timeliness of claims arising from events after March 2004 should not be governed by the contractual provisions that specifically address acts and omissions following substantial completion. Even as to earlier events, we note that, under the contract, “the date of *1184 [substantial [completion” does not occur when the Town issues a certificate of occupancy but, instead, when plaintiff determines that substantial completion has occurred and issues a certificate to that effect. In this case, plaintiff never issued such a certificate—allegedly because of the ongoing roof problems. Deeming the complaint’s allegations to be true and according them every favorable inference, as we must (see Bimbo v Chromalloy Am. Corp., 226 AD2d 812, 814 [1996]), we agree with Supreme Court that defendant failed to make the requisite prima facie showing that plaintiffs claims are time-barred. Accordingly, the burden never shifted to plaintiff to aver facts to establish that its claims fell within any statutory exception (see Swift v New York Med. Coll., 25 AD3d 686, 687 [2006]). The motion to dismiss was properly denied.
Mercure, J.E, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

 Plaintiff cross-appealed from those aspects of the order that denied its cross motion for partial summary judgment and granted defendant’s motion to compel mediation and arbitration, but subsequently advised that the cross appeal was withdrawn.