Order, Supreme Court, New York County (Louis B. York, J.), entered August 21, 2012, which to the extent appealed from as limited by the briefs, granted defendant Tyson Court Owners Corp.’s motion to renew, and upon renewal, denied plaintiffs motion for summary judgment to the extent it sought a declaration that the shares associated with Units Cl and C5 in the subject building constituted “unsold shares” pursuant to the cooperative’s proprietary lease, unanimously reversed, on the law, without costs, and the motion to renew denied.
The motion court improvidently exercised its discretion in granting the motion to renew. A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination,” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]). “A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation” (Sobin v Tylutki, 59 AD3d 701, 702 [2d Dept 2009] [internal quotation marks omitted]). The purported new facts set forth in defendant’s motion were presented in affidavits which had been previously rejected as an impermissible sur *553 reply on the original motion for summary judgment (see Coleman v Korn, 92 AD3d 595 [1st Dept 2012]). The affidavits were executed approximately four weeks before the original summary judgment motion was submitted and defendant failed to demonstrate a reasonable justification for failing to submit them in a timely fashion at that time (see James v 1620 Westchester Ave., LLC, 105 AD3d 1, 7 [1st Dept 2013]; Chelsea Piers Mgt. v Forest Elec. Corp., 281 AD2d 252 [1st Dept 2001]). In any event, the affidavits were conclusory. Concur — Tom, J.E, Andrias, Friedman, Freedman and Clark, JJ. [Prior Case History: 2012 NY Slip Op 32226(11).]