■ VIOLET VASILATOS, Respondent, v WILLIAM DZAMBA et al., Appellants. [49 NYS3d 194]—

Lynch, J. Appeal from an order of the Supreme Court (Melkonian, J.), entered February 12, 2016 in Albany County, which denied defendants' motions to dismiss the complaint.

At different times during the late 1980s to the early 1990s, plaintiff lived with her mother at an apartment owned by defendants William Dzamba and Kathleen Dzamba and often

visited a nearby apartment owned by defendant June Lentini. Beginning in July 1990, plaintiff was discovered to have elevated levels of lead in her blood. In December 2014, plaintiff commenced this action against defendants seeking damages for injuries allegedly resulting from her ingestion of lead particles at defendants' properties. Defendants answered and moved to dismiss plaintiff's complaint on the ground that she lacked legal capacity (*see* CPLR 3211 [a] [3]). Thereafter, defendants filed amended notices of motion arguing that plaintiff's complaint was barred by the statute of limitations (*see* CPLR 3211 [a] [5]). Supreme Court denied both motions and this appeal ensued.

Plaintiff was born in 1986 and was 28 years old when she commenced this action. In general, a party's competence to commence an action is presumed and, as the parties seeking to dismiss plaintiff's complaint pursuant to CPLR 3211 (a) (3), defendants bore the burden of demonstrating that plaintiff was not competent (*see Pruden v Bruce*, 129 AD3d 506, 507 [2015]; *Feiden v Feiden*, 151 AD2d 889, 890 [1989]). To this end, defendants rely on plaintiff's complaint—verified by counsel (*see* CPLR 3020 [d] [3])—wherein plaintiff alleges that as a result of her lead poisoning, she had been "under a disability pursuant to CPLR 208 since infancy, which never ceased, and continues to be insane, deprived of an overall ability to function in society, of unsound mind and/or unable to protect [her] legal rights." Because there was no judicial declaration of incompetence, plaintiff's acknowledged cognitive and mental defects did not prevent her from commencing this action in her own name (*see Mitsinicos v New Rochelle Nursing Home*, 258 AD2d 630, 631 [1999]). Accordingly, we agree with Supreme Court's determination that defendants failed to meet their initial burden in support of the motions to dismiss pursuant to CPLR 3211 (a) (3).

Turning to defendants' motions to dismiss the claim as untimely pursuant to CPLR 3211 (a) (5), generally, an action to recover damages for a personal injury must be commenced within three years from the date of injury (*see* CPLR 214), and the statute of limitations is tolled while the plaintiff is an infant (*see* CPLR 208). Under these provisions, the statute of limitations would have expired three years after plaintiff's eighteenth birthday—February 2, 2007—seven years before she commenced this action. Where, however, the claim is based on an injury caused by the latent effects of exposure to a toxic substance, the discovery rule provides that the three-year statute of limitations runs from either the date the injury was

discovered or the date "through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c [2]; *see Matter of New York County DES Litig.*, 89 NY2d 506, 511 [1997]; *Aiken v General Elec. Co.*, 57 AD3d 1070, 1072 [2008]). The key dispute between the parties is whether the claimed injuries arising out of exposure to lead paint are patent, in which the three-year limitations applies, or latent, within the embrace of CPLR 214-c (2). We have previously recognized that "lead poisoning itself is an actionable injury" (*Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 184 [2002]), and, to that extent, a patent injury for purposes of the statute of limitations. That said, we reach a different conclusion with respect to the claimed cognitive impairments allegedly caused by the lead poisoning, which we agree are latent, while fully recognizing that such deficits may evolve over a short period of time (*see Giordano v Market Am., Inc.*, 15 NY3d 590, 594 [2010]). Consequently, we conclude that CPLR 214-c (2) applies to plaintiff's cognitive impairment claim.

On their motions, defendants bore "the initial burden of establishing prima facie that the time in which to sue [had] expired . . . and thus [were] required to establish [among other things] when the plaintiff's cause of action accrued" (*Larkin v Rochester Hous. Auth.*, 81 AD3d 1354, 1355 [2011] [internal quotation marks and citations omitted]). To that end, defendants submitted plaintiff's complaint, bill of particulars, school and medical records and the affidavit she submitted in response to the motions pursuant to CPLR 3211 (a) (3). By her bill of particulars, plaintiff alleges that, as a result of her exposure to lead at defendants' properties, she suffered and continues to suffer from myriad injuries, including lead poisoning, cognitive deficits, attention deficits, hyperactivity and educational disabilities. The records show that plaintiff's elevated blood lead level was first recorded in 1990, when she was four years old, and that regular, periodic tests showed that her blood lead level remained elevated through November 1992 (*see* Public Health Law § 1370 [6]; *Walton v Albany Community Dev. Agency*, 279 AD2d 93, 95-97 [2001]). The medical records indicate that plaintiff was treated by the Albany County Health Department during this time period and that she exhibited certain symptoms, including "slowed development." Plaintiff's educational records show that she received services through two separate school districts based on her diagnosis as "[l]earning [d]isabled," correlated with a history of lead poisoning. In her affidavit, plaintiff confirms that she was diagnosed with a learning disability as a child, that she had "trouble with

comprehension" and graduated high school pursuant to an individualized education program.

In our view, defendants' submissions were sufficient to demonstrate that plaintiff was cognizant of her claimed injuries, or, at a minimum, reasonably should have been, such that the action is barred by the statute of limitations. Although CPLR 214-c (2) permits an action to proceed within three years from the "discovery of the injury," this means the "discover[y of] the primary condition on which the claim is based" (*Matter of New York County DES Litig.*, 89 NY2d at 509; *see Krogmann v Glens Falls City School Dist.*, 231 AD2d 76, 78 [1997], *lv dismissed* 91 NY2d 848, [1997]), or, put differently, "the discovery of the manifestations or symptoms of the latent disease that the harmful substance produced" (*Matter of New York County DES Litig.*, 89 NY2d at 514). Here, accepting that lead was the causative harmful substance, plaintiff was aware of her injuries, which first manifested when she started public education in 1990 and, according to plaintiff, continued throughout her school years. Although plaintiff argues that her action is timely because she first discovered that she suffered lead poisoning when her attorney sent a solicitation letter to her mother in 2012, we disagree. Where, as here, a plaintiff is seeking the benefit of the discovery rule applicable to toxic torts, the statute runs from the date the condition or symptom is discovered or reasonably should have been discovered, not the discovery of the specific cause of the condition or symptom (*see id.*).

Nor does plaintiff's reliance on CPLR 214-c (4) salvage her claim. This provision extends the statute of limitations one year from the date that a plaintiff discovers the cause of the injury, but not more than five years after discovering the injury, only where it is shown that "technical, scientific or medical knowledge and information sufficient to ascertain the cause of [her] injury had not been discovered, identified or determined" (CPLR 214-c [4]; *see Giordano v Market Am., Inc.*, 15 NY3d at 600-602). Here, plaintiff's attorney notified her more than one year before the commencement of this action that her symptoms may have been caused by exposure to lead. Further, while a negligence case based on lead paint exposure must be supported with scientific proof that lead exposure caused the injuries claimed (*see Hamilton v Miller*, 23 NY3d 592, 603 [2014]), "[t]he dangers of exposure to lead-based paint, especially to young children, are well documented" (*Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 342 [2003]; *see Juarez v Wavecrest Mgt. Team*, 88

NY2d 628, 640-641 [1996]; *see generally Walton v Albany Community Dev. Agency*, 279 AD2d at 96-97). Plaintiff's apparent attempt to claim otherwise is disingenuous and disregards the record evidence that plaintiff's health care providers and educators associated her cognitive impairments with lead poisoning during the 1990s.

Finally, and consistent with our ruling with respect to defendants' motions pursuant to CPLR 3211 (a) (3), we find that plaintiff failed to establish any basis to further toll the statute of limitations on a basis of claimed insanity pursuant to CPLR 208. It is significant that at no point did plaintiff's counsel seek the appointment of a guardian ad litem pursuant to CPLR 1201, which mandates such appointment for "an adult incapable of adequately prosecuting or defending his [or her] rights." Moreover, by her own submission, plaintiff has affirmatively demonstrated her ability to participate in this action. Plaintiff submitted her two sworn affidavits—asserting in one that she "[h]ad never been adjudicated incompetent"—and she never asserted that she lacks the capacity to function in society (*see Lynch v Carlozzi*, 129 AD3d 1240, 1241-1241 [2015]). In effect, plaintiff maintained that she has the legal capacity to pursue this action, but was otherwise insane for purposes of tolling the statute of limitations. Simply put, plaintiff cannot have it both ways, and we conclude that plaintiffs's reliance on the toll provided by CPLR 208 is baseless.

Garry, J.P., Devine and Mulvey, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted and complaint dismissed.