Haynes v Williams (2018 NY Slip Op 04626)





Haynes v Williams


2018 NY Slip Op 04626


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525812

[*1]RASHIEK HAYNES, Appellant,
v
MARK WILLIAMS et al., Respondents.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Athari & Associates, LLC, New Hartford (Mo Athari of counsel), for appellant.
Williamson, Clune & Stevens, Ithaca (Allan C. VanDeMark of counsel), for Mark Williams and another, respondents.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Michael J. Burke of counsel), for J. Peter McPartlon, respondent.
Carl J. Cochi, Utica, for Roger A. Ploof, respondent.
Bailey, Johnson, DeLeonardis & Peck, PC, Albany (Syma S. Azam of counsel), for Polly N. Rutnik, respondent.
Barclay Damon LLP, Syracuse (Jonathan H. Bard of counsel), for Daniel W. Bowlin and another, respondents.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Ferreira, J.), entered September 6, 2017 in Albany County, which, among other things, granted defendants' motions for summary judgment [*2]dismissing the complaint.
Plaintiff commenced this action in December 2014, when he was 24 years old, seeking money damages for injuries purportedly resulting from lead poisoning that occurred when he was a child living at properties owned by defendants. As relevant here, after joinder of issue and some discovery, defendants separately moved for summary judgment, claiming that the action was not timely commenced pursuant to the relevant statute of limitations. Plaintiff opposed the motions, asserting that the action was timely under CPLR 214-c (2). Supreme Court granted defendants' motions, dismissing the complaint as time-barred, and plaintiff now appeals.
Actions to recover damages for a personal injury generally have a three-year statute of limitations that begins to run on the date of the injury (see CPLR 214 [5]; Snyder v Town Insulation, 81 NY2d 429, 432-433 [1993]). However, where, as here, the personal injury claim is premised upon damages "caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property," the three-year statute of limitations runs "from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c [2]; accord Caronia v Philip Morris USA, Inc., 22 NY3d 439, 448 [2013]; Vasilatos v Dzamba, 148 AD3d 1275, 1276-1277 [2017]). As the Court of Appeals has held, "when the Legislature used the phrase 'discovery of the injury' it meant discovery of the physical condition and not
. . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition" (Matter of New York County DES Litig., 89 NY2d 506, 514 [1997]; see Vasilatos v Dzamba, 148 AD3d at 1278).
Here, defendants bore "the initial burden of establishing prima facie that the time . . . to sue [had] expired, and thus [were] required to establish, [among of things,] when the plaintiff's cause of action accrued" (Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [2011] [internal quotation marks and citations omitted]). To that end, defendants offered ample proof, including deposition testimony of plaintiff and his mother and various medical records, all of which demonstrated that plaintiff was exposed to lead as a child. Notably, according to one record, plaintiff was diagnosed with lead poisoning when he was three years old. Another record shows that plaintiff's elevated blood lead level was first recorded in 1992, when he was two years old, and ongoing follow-up testing showed that his blood lead level remained elevated through 1996 (see Public Health Law § 1370 [6]). Plaintiff himself testified that he recalled removing paint chips from the walls and placing them in his mouth many times. Additionally, the bill of particulars articulates a legion of cognitive deficits. Plaintiff testified that the symptoms of these deficits were manifest since childhood and that he always had been late to everything, suffered from headaches and sleeplessness, received extra help but still struggled with school work, had poor impulse control as a teenager and performed dismally during his one year in community college.
We find that defendants' submissions "were sufficient to demonstrate that plaintiff was [*3]cognizant of [his] claimed injuries, or, at a minimum, reasonably should have been, such that the action is barred by the statute of limitations" (Vasilatos v Dzamba, 148 AD3d at 1278). Here, if we accept that lead was the causative harmful substance, plaintiff has been aware of his injuries since early childhood, when they were first evident, and then as they continued throughout his school years and to the present day. Plaintiff argues that the statute of limitations did not commence until July 2013 when, after receiving a solicitation letter from his attorney, he became aware of his exposure to lead as a young child. This argument is without merit as "the statute runs from the date the condition or symptom is discovered or reasonably should have been discovered, not the discovery of the specific cause of the condition or symptom" (id.; see Matter of New York County DES Litig., 89 NY2d at 513; Krogmann v Glens Falls City School Dist., 231 AD2d 76, 78-79 [1997], lv dismissed 91 NY2d 848 [1997]). Consequently, defendants' motions were properly granted.
McCarthy, J.P., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.