449 West 37 Realty LLC, Petitioner-Landlord-Appellant,
against
Harold Herman, Respondent-Tenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated October 1, 2018, which 1) denied landlord's motion for summary judgment and to strike tenant's affirmative defenses and counterclaim, and 2) granted tenant's cross motion for leave to conduct discovery.




Per Curiam.
Order (Kimon C. Thermos, J.), dated October 1, 2018, affirmed, with $10 costs, for the reasons stated by Kimon C. Thermos, J. at Civil Court.
This nonpayment proceeding, based upon allegations that the premises are exempt from rent stabilization due to a substantial rehabilitation of the subject apartment building on or after January 1, 1974 (see Rent Stabilization Code [9 NYCRR] § 2520.11) is not susceptible to summary disposition. Landlord failed to adduce evidence establishing, as a matter of law, that at least 75% of he building-wide and apartment systems had been totally replaced, in accordance with the substantial rehabilitation criteria of DHCR's Operational Bulletin 95-2 (see Matter of Pavia v New York State Div. of Hous. & Community Renewal, 22 AD3d 393 [2005]; Matter of Woodcrest Mgt. Corp. v Division of Hous. & Community Renewal, 2 AD3d 172 [2003]). Indeed, landlord, who owned the building in the late 1990's when the work was allegedly performed, claimed to have retained essentially no evidence of the rehabilitation, such as invoices, receipts or photographs, and relied in large part upon documents in public files, despite the directive in Operational Bulletin 95-2, issued before the alleged substantial rehabilitation took place, that "owners are advised to maintain records related to the rehabilitation" (Operational Bulletin 95-2, III). Therefore, the coverage issue should be resolved at trial, and not on summary judgment.
Contrary to landlord's claim, consideration of events beyond the four-year period is permissible if done not for the purpose of calculating an overcharge but rather to determine whether an apartment is regulated (see East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166, 167 [2005]). Landlord's request for use and occupancy was made for the first time in a surreply, which Civil Court properly did not consider (see Coleman v Korn, 92 AD3d 595 [2012]).
We have considered landlord's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 25, 2019