Chaplin v Tompkins (2019 NY Slip Op 04562)





Chaplin v Tompkins


2019 NY Slip Op 04562


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


463 CA 18-02234

[*1]TERESSA CHAPLIN AND GABRIELLE CHAPLIN, PLAINTIFFS-APPELLANTS,
v
TIM N. TOMPKINS, DEFENDANT, AND WEST MAIN STREET PARTNERS, L.P., DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






ATHARI & ASSOCIATES, LLC, NEW HARTFORD (MO ATHARI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
NIXON PEABODY LLP, NEW YORK CITY (JONATHAN SABLONE OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered June 22, 2018. The order granted the motion of defendant West Main Street Partners, L.P. to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant West Main Street Partners, L.P. except insofar as it asserts claims for patent injuries arising from plaintiffs' exposure to lead paint, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly caused by their childhood exposure to lead paint in two apartments, one owned by defendant Tim N. Tompkins and another owned by defendant West Main Street Partners, L.P. (West Main). In appeal No. 1, plaintiffs appeal from an order granting West Main's motion to dismiss the complaint against it as time-barred (see generally CPLR 3211 [a] [5]). In appeal No. 2, plaintiffs appeal from that part of an order granting Tompkins's motion to dismiss the complaint against him as time-barred (see generally id.).
In moving to dismiss the complaint on statute of limitations grounds, each defendant had "the initial burden of establishing prima facie that the time in which to sue ha[d] expired . . . and thus was required to establish, inter alia, when the plaintiff[s'] cause of action accrued" (Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011] [internal quotation marks omitted]). Here, neither defendant established the relevant accrual date of plaintiffs' claims for injury caused by the latent effects of lead paint exposure and, in the absence of such evidence, neither defendant made a prima facie showing that the applicable limitations period had expired on those claims (see id.). Supreme Court thus erred in granting defendants' respective motions to that extent. We note that, at oral argument in these appeals, plaintiffs conceded that their claims for patent injuries arising from such exposure were properly dismissed as time-barred.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court