Mehmeti v Karlin (2024 NY Slip Op 05285)

Mehmeti v Karlin

2024 NY Slip Op 05285

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 100122/23 Appeal No. 2875 Case No. 2024-01577 

[*1]Subi Mehmeti, Plaintiff-Appellant,
v
Stewart Lee Karlin, Defendant-Respondent.

Subi Mehmeti, appellant pro se.
Daniel E. Dugan, New York, for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered August 24, 2023, which denied plaintiff's motion for a default judgment and granted defendant's cross-motion to the extent of dismissing the complaint, unanimously affirmed, without costs.
The motion court correctly denied plaintiff's motion for a default judgment, finding that plaintiff failed to include an affidavit of service as to service of the summons and complaint on defendant (CPLR 3215[f]).
The motion court also correctly found that plaintiff's action against defendant, his former attorney, sounds in legal malpractice and is time-barred. The statute of limitations for a legal malpractice cause of action is three years (McCoy v Feinman, 99 NY2d 295, 301 [2002]; CPLR 214[6]). "An action to recover damages for legal malpractice accrues when the malpractice is committed" (Shumsky v Eisenstein, 96 NY2d 164, 166 [2001]). Here, plaintiff's legal malpractice claim accrued on May 23, 2016, when the Second Circuit dismissed his federal action and defendant's representation ended. Plaintiff commenced this legal malpractice action against defendant on February 15, 2023, well beyond the three-year statute of limitations (see Coleman v Korn, 92 AD3d 595 [1st Dept 2012]).
Plaintiff's claims are also barred by the doctrines of res judicata and collateral estoppel, as they were previously raised and dismissed in separate actions he commenced against defendant and his former employer in federal court (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-348 [1999]).
We have considered plaintiff's remaining arguments and find them unavailing. We decline to address respondent's argument for further relief against plaintiff in the absence of a cross-appeal by respondent (see Hecht v City of New York, 60 NY2d 57, 63 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024