**Moore v Charap**

2024 NY Slip Op 34452(U)

December 20, 2024

Supreme Court, New York County

Docket Number: Index No. 155409/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**

*Justice*

PART 47

-------------------------------------------------------------------------X

JOYCE MOORE, PRESTON MUSIC GROUP INC,
SAMUEL D MOORE, THE SJM TRUST

Plaintiffs,

- v -

ROSS J CHARAP, AKERMAN LLP,

Defendants.

-------------------------------------------------------------------------X

INDEX NO. 155409/2024

MOTION DATE 07/31/2024

MOTION SEQ. NO. 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 11, 12, 13, 14, 15, 16

were read on this motion to/for          DISMISSAL          .

Defendants Ross J Charap Esq. (Charap) and Akerman LLP (Akerman) move pursuant to CPLR §§ 3211(5) and 3211(7) to dismiss the complaint of plaintiffs Joyce Moore (Joyce), Samuel D Moore (Samuel) (collectively, the Moores), the SJM Trust (which is controlled by the Moores), and Preston Music Group Inc. (PMGI). Plaintiffs' causes of action are for: tortious interference with contractual or business relationships (first through sixth causes of action); breach of duty, confidentiality, and privilege owed to the Moores and the SJM Trust (seventh cause of action); intentional infliction of emotional distress (eighth cause of action); continued defamations (ninth cause of action); and continued tortious interference (tenth cause of action) (NYSCEF Doc No 1).

## BACKGROUND

Plaintiffs allege that in "May 2015, JOYCE MOORE was introduced by email and telephone to CHARAP who was [then at] AKERMAN"; they discussed "music termination

**155409/2024   MOORE, JOYCE ET AL vs. CHARAP, ROSS J ET AL**
**Motion No. 003**

Page 1 of 6

1 of 6

rights and catalog acquisitions of others, which led to [a] conversation about writing and publishing credits belonging to Sam Moore [and] the SJM Trust," and "[a]s a result, an attorney client relationship was created between" the parties (*id.* ¶¶ 9-10). Additionally, plaintiffs allege that during that time, Charap prepared and submitted a non-disclosure agreement (NDA) between the SJM Trust and Akerman, which Joyce signed for the SJM Trust (*id.* ¶ 11).[1] The NDA allegedly prohibited defendants from disclosing "information that is non-public, confidential, personal and/or proprietary in nature" (*id.* ¶ 12).

Joyce and PMGI were involved in a separate bankruptcy proceeding related to the estate of William Everett Preston (William), *In re William Everett Preston*, Case No. 8:05-bk-50128-TA, US Bankruptcy Court, Central District of California (the bankruptcy proceeding) (*id.* ¶ 17).[2] Though the parties reached a global settlement agreement, effective January 14, 2016, thereafter, Lettie D. Preston (Lettie), an alleged heir of William's estate, commenced a probate proceeding, *In the Matter of The Estate of William E. Preston*, Superior Court of the State of California, Case No. BP099223 (the probate proceeding) (*id.* ¶ 18). Plaintiffs allege that in September 2020, Charap "somehow made contact with" Lettie and "appear[ed] in the [] Probate proceeding as co-counsel with her attorney" without "disclos[ing] to anyone that he had represented" Joyce, Samuel, or the SJM Trust (*id.* ¶¶ 19-20). Plaintiffs further allege that starting around this time, defendants "engaged in efforts to defame, libel and slander" plaintiffs, "violated the attorney client privilege, attorney client confidentiality," and "revealed [to Lettie plaintiffs'] financial information" to their detriment (*id.* ¶¶ 21-23).

---

[1] Plaintiff states that "[a] copy of the NDA is attached as **Exhibit B**," however, no exhibits were submitted (*id.* ¶ 12).
[2] It appears that in this proceeding, Joyce and PMGI were represented by the Law Offices of Philip D. Dapeer and Bruce E. Fein & Associates (*Neilson v Moore*, 214 Bankr. LEXIS 600 [CD Cal 2014]).

**155409/2024  MOORE, JOYCE ET AL vs. CHARAP, ROSS J ET AL**                    **Page 2 of 6**
 **Motion No.  003**

2 of 6

On September 29, 2020, Charap filed an affidavit in the probate case stating: "I am familiar with Ms. Moore's reputation in the music business. Indeed, she once approached me to ask if I would work with her under similar circumstances. I quickly declined" (*id.* ¶ 24). In a second affidavit filed on October 7, 2020, Charap stated that he was "in the process of being formally engaged by [Lettie] to serve as co-counsel with Mr. Watkins in this proceeding because of my music experience, and, to a lesser extent, because I know something of Ms. Moore's work in the music business," and repeated his claim that he had been approached by Joyce but declined to work with her (*id.* ¶ 26). Plaintiffs allege that these claims are false, as defendants "absorb[ed] confidential attorney client information and engaged in litigation strategy" with Joyce (*id.* ¶ 24). Plaintiffs further allege that defendants "engaged in a direct attack campaign to defame [plaintiffs'] reputations . . . in violation of the attorney client relationship as evidenced by the executed NDA" and "to tortiously interfere with [their] business relationships" (*id.* ¶¶ 26-27).

## DISCUSSION

Statute of Limitations

"On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is time-barred, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (*Cimino v Dembeck*, 61 AD3d 802, 803 [2nd Dept 2009]). "In order to make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued" (*Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2nd Dept 2006]). "Where the defendant makes that prima facie showing, the burden then shifts to the plaintiff to aver evidentiary facts establishing that the case falls within an exception" (*Arnell Constr. Corp. v New York City Sch. Constr. Auth.*, 186 AD3d 543, 543 [2nd Dept 2020] [internal quotation marks omitted]).

155409/2024   MOORE, JOYCE ET AL vs. CHARAP, ROSS J ET AL
Motion No.  003

Page 3 of 6

Regarding plaintiffs' eighth cause of action for intentional infliction of emotional distress, defendants correctly note that such claims "are governed by a one-year statute of limitations" that "accrues on the date of injury" (*Wilson v Erra*, 94 AD3d 756, 756 [2nd Dept 2012]). The most recent event plaintiffs cite with reference to their intentional infliction of emotional distress claim occurred on February 17, 2021 (NYSCEF Doc No 1 ¶ 97). Therefore, even though plaintiffs originally filed this lawsuit in Florida on June 9, 2022 (*id.* ¶ 103), their eighth cause of action is time-barred and will be dismissed.

Defendants argue that plaintiffs' first through sixth causes of action (for tortious interference), ninth cause of action (for continued defamations), and tenth cause of action (for continued tortious interference) must also be dismissed pursuant to CPLR § 3211(5) because they all sound in defamation, which is also subject to a one-year statute of limitations. These causes of action are based on defendants' alleged "efforts and conduct to tortiously interfere with Plaintiff's contractual or business relationship[s] such that [their] reputation and relationship and good will [] was damaged" and "campaign to defame and harm [Joyce] and publish false and defamatory statements about her reputation" (*id.* ¶¶ 31, 39, 47, 55, 64, 73, 104, 112). These allegations clearly sound in defamation and "a plaintiff may not circumvent the one-year statute of limitations applicable to defamation actions (CPLR § 215[3]) by denominating the action as one for intentional interference with economic relations, prima facie tort, or injurious falsehood if, in fact, the claim seeks redress for injury to reputation" (*Entertainment Partners Group v Davis*, 198 AD2d 63, 64 [1st Dept 1993]). In opposition, plaintiffs essentially seek a second opportunity to recharacterize their claims to circumvent the statute of limitations (NYSCEF Doc No 14 ["Because Plaintiffs concede the one year statute of limitations for defamation is now applicable here in New York, if the Court is inclined to dismiss all or part of the Complaint,

155409/2024  MOORE, JOYCE ET AL vs. CHARAP, ROSS J ET AL
Motion No.  003

Page 4 of 6

leave to amend is requested to convert the defamation allegations to background facts and/or to address any other perceived deficiencies raised by Defendants"]). For the reasons just stated, this will not be permitted. Accordingly, plaintiffs' first through sixth, ninth, and tenth causes of action will also be dismissed.

Failure to State a Claim

When determining if a complaint may be dismissed for failing to state a cause of action pursuant to CPLR § 3211(a)(7), "the complaint must be liberally construed, the allegations therein taken as true, and all reasonable inferences must be resolved in plaintiff's favor" (*Gorelik v Mount Sinai Hosp. Ctr.*, 19 AD3d 319, 319 [1st Dept 2006]). The motion "must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*id.* [internal quotations omitted]). However, "factual allegations that do not state a viable cause of action, that consist of bare legal conclusions, or that are inherently or clearly contradicted by documentary evidence are not entitled to such consideration" (*Skillgames, LLC v Brody*, 1 AD3d 247, 250 [1st Dept 2003]).

Defendants argue that plaintiffs' remaining cause of action for breach of duty, confidentiality, and privilege must be dismissed pursuant to CPLR § 3211(7) because it is not based in any private right of action. As defendants note, even accepting as true that an attorney-client relationship existed between defendants and plaintiffs, and that Charap committed an ethical violation, "that, in itself, would not create a private right of action" (*Arkin Kaplan LLP v Jones*, 42 AD3d 362, 366 [1st Dept 2007]). Plaintiffs' opposition does not address this point, nor does the complaint clearly identify what confidential information was purportedly revealed, what duty was breached, or how a privilege was violated. Accordingly, this final cause of action will also be dismissed.

155409/2024   MOORE, JOYCE ET AL vs. CHARAP, ROSS J ET AL                     Page 5 of 6
  Motion No.  003

[* 5]                                         5 of 6

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendants' motion is granted and plaintiffs' complaint is dismissed; and it is further

ORDERED that the clerk is directed to enter judgment in favor of defendants with costs and disbursements as taxed by the clerk.

20241220155823PG0ETZ151524DB4FAFD4AFAAB46F8F6339B419D

| 12/20/2024 | | | | | PAUL A. GOETZ, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

155409/2024   MOORE, JOYCE ET AL vs. CHARAP, ROSS J ET AL
Motion No.  003

Page 6 of 6

6 of 6

[* 6]